IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**WALLS FIRE PROTECTION DISTRICT,**            **PLAINTIFF,**

**VS.**            **CIVIL ACTION NO. 2:07CV228-P-A**

**CITY OF HORN LAKE, MISSISSIPPI,**            **DEFENDANT.**

## FINAL JUDGMENT

This matter comes before the court upon Defendant's Motion to Dismiss [13]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Pursuant to Fed. R. Civ. P. 12(b)(6) a defendant may file a motion to dismiss a plaintiff's claim or claims for failure to state a claim upon which relief can be granted. The traditional test for ruling upon a 12(b)(6), as announced in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), is "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007) recently "retired" that test. In this regard, the Court in *Twombly* wrote:

> *Conley*'s "no set of facts" language has been questioned, criticized, and explained away long enough. To be fair to the *Conley* Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, **this famous observation has earned its retirement**. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: **once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.** See *Sanjuan*, 40 F.3d, at 251 (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint")

127 S.Ct. at 1969. (emphasis added).

1

The Court in *Twombly* formulated the proper standard in the following way:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). **Factual allegations must be enough to raise a right to relief above the speculative level**, [and] "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action", on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

127 S.Ct. at 1964-65. (emphasis added) (some citations omitted for clarity).

Thus, the court must determine whether the defendants have established that the plaintiff's factual allegations in their Complaint, taken as true, are enough to raise a right to relief above the speculation level.

Motions to dismiss are viewed with disfavor and are rarely granted. *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir.2000). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d 980, 982 (5th Cir.1998). "However, [the court] will not strain to find inferences favorable to the plaintiff[]." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir.2004).

Having reviewed the parties' arguments, the court concludes that the Complaint does not raise a claim above the speculation level.

Pursuant to the *Rooker/Feldman* doctrine, "a party losing in state court is barred from

seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-6 (1994). "[A] United States district court has no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).The *Rooker/Feldman* doctrine bars claims that are "inextricably intertwined" with a state court's ruling. *Chrissy F. v. Miss. Dept. of Pub. Welfare*, 995 F.2d 595, 599 (5th Cir. 1993).

This court concludes that the plaintiff's claims are inextricably intertwined with the Chancery Court of Desoto County's September 18, 2000 Opinion approving the subject annexation. The Chancellor specifically concluded that "there is a need for additional fire protection services within the annexation area" and "the level of development and density of population within the annexation area demands full-time paid fire protection services such as are offered by the City of Horn Lake." Opinion at 17. It is undisputed that under *Sperry Rand Corp. v. City of Jackson*, 245 So.2d 574, 574 (Miss. 1971) anyone interested or aggrieved by an annexation is a party to the litigation and may appeal the decision. It is also undisputed that the plaintiff was an interested party and did not appeal the Chancellor's ruling. The plaintiff's argument that the alleged "taking" did not occur until after the annex is without merit given that they had the opportunity to object to Horn Lake's provision of additional fire services during the annexation proceedings and the opportunity to appeal the Chancellor's specific ruling that Horn Lake's fire services were needed in addition to those already provided by the Walls Fire Protection District.

Because it concludes that it does not have jurisdiction to hear the plaintiff's federal Fifth Amendment claim for a taking without just compensation, the court declines to exercise

supplemental jurisdiction over the Section 17 of the Mississippi Constitution claim pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss [13] is **GRANTED**; therefore,

(2) The plaintiff's federal Fifth Amendment claim is hereby **DISMISSED WITH PREJUDICE** pursuant to the *Rooker/Feldman* doctrine;

(3) The plaintiff's State law claim for an unjust taking pursuant to Section 17 of the Mississippi Constitution is **DISMISSED WITHOUT PREJUDICE** pursuant to this court's declining to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367;

(4) This case is **REMANDED** to the Circuit Court of Desoto County, Mississippi from whence it came; therefore,

(5) This case is **CLOSED**.

**SO ORDERED** this the 3rd day of March, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE